1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

MELISSA H.,

7

                              Plaintiff,

8

          v.

9

COMMISSIONER OF SOCIAL SECURITY,

10

                              Defendant.

Case No. 21-00908

ORDER
REVERSING AND REMANDING
DEFENDANT'S DECISION TO
DENY BENEFITS

11
12

          Plaintiff has brought this matter for judicial review of defendant's denial of her

13

Title II application for disability insurance benefits (DIB).

I.          ISSUES FOR REVIEW

14

          A.  Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony

15
16

          B.  Whether the ALJ Properly Evaluated Medical Opinion Evidence

          C.  Whether the ALJ Erred in Rejecting a Lay Witness Statement

17

II.          BACKGROUND

18
19

          On August 17, 2015, plaintiff filed a Title II application for a period of disability

20

and DIB, alleging a disability onset date of March 6, 2013. Administrative Record ("AR")

1292. Plaintiff last met the insured status requirements of the Social Security Act on

21

March 31, 2014, therefore the relevant period is the period between Plaintiff's alleged

22

onset date and her date last insured. AR 1293.

23
24
25

ORDER - 1

Plaintiff's application was denied initially and on reconsideration. AR 140-52.

Administrative Law Judge ("ALJ") Laura Valente held a hearing on November 7, 2017

(AR 102) and found claimant was not disabled in a decision issued on May 30, 2018.

AR 1347-66. Plaintiff appealed the decision to this Court, and the Court ordered on

December 19, 2019, that ALJ Valente's decision be reversed and remanded. AR 1380-

94.

 ALJ M.J. Adams held a new hearing on remand on April 14, 2021 (AR 1315) and

issued a decision on April 29, 2021 that plaintiff was not disabled between the alleged

onset date through the last date insured. AR 1289–1314.

Plaintiff seeks judicial review of the April 29, 2021 decision. Dkt. 13, Opening

Brief.

III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

IV.    DISCUSSION

In this case, the ALJ found that plaintiff had the following severe medically

determinable impairments: lumbar and cervical degenerative disk disease; fibromyalgia;

spondyloarthropathy/inflammatory arthritis; right foot bunion; plantar fasciitis; diabetes;

and obesity. AR 1295. Based on the limitations stemming from these impairments, the

ALJ found that plaintiff could perform light work. AR 1298.

Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could perform her past relevant work as a cashier; therefore, the ALJ determined at step five that plaintiff was not disabled. AR 1305-06.

A.  Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony

During the hearing, plaintiff testified that while working, she had difficulty standing, walking, and grasping and lifting things due to pain in her foot, calf, hip, fingers, and wrist. AR 1329. She testified her pain caused "more and more of a struggle every day that went by." AR 1330. She also stated that after her first hearing in November 2017, her symptoms have remained, and her medications continue to help with the pain. AR 1330-32.

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff assigns error to the ALJ's decision to discount her subjective testimony because (1) of her work history prior to her alleged onset date, (2) its inconsistency with

1  objective medical evidence, (3) plaintiff improved with medication, and (4) plaintiff's

2  ability to attend her medical appointments. Dkt. 13, pp. 3–12; *see* AR 1301.

3       In discounting plaintiff's testimony, the ALJ first pointed to plaintiff's ability to work

4  on her feet all day and frequently lift ten pounds prior to March 6, 2013. AR 1301 (citing

5  AR 297, 510, 352, 346-48, 627, 955). Plaintiff's ability to work while she was

6  experiencing symptoms is not a convincing reason to discount plaintiff's testimony.

7       First, a claimant's work history prior to the alleged onset date is of limited

8  probative value. *See Carmickle v. Commissioner, Social Sec. Admin.,* 533 F.3d 1155,

9  1165 (9th Cir. 2008); *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065

10 (9th Cir. 1985). The ALJ also does not explain how plaintiff's ability to work contradicts

11 her testimony that she struggled while working with her symptoms. Plaintiff did not

12 testify that she was unable to work prior to the date of onset—rather, she testified that

13 her symptoms made it difficult for her to do so.

14      Further, the record cited by the ALJ shows that the severity of plaintiff's

15 symptoms had been increasing in the months before her onset date and that her

16 symptoms worsened afterwards. Treatment notes from April 2013 included plaintiff's

17 reports that her back pain had gradually increased since September 2012 (AR 812),

18 that she had increasing pains in her feet (AR 923), that she had "been off work since

19 her joints and bunions flared" (AR 472), and that she had foot pain "with progressing

20 intensity" (AR 836). The medical evidence also shows plaintiff's symptoms continued to

21 worsen after she stopped working and the symptoms would be further exacerbated if

22 she resumed working. AR 578, 899, 912, 919.

23

24

25

REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 4

1

2

3

4

5

6

Regarding the ALJ's second reason, an inconsistency with the objective medical evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Here, the ALJ found that plaintiff's testimony about her foot pain and difficulty with walking and standing were inconsistent with physical examinations showing plaintiff had normal gait, range of motion, or muscle tone, bulk, and strength. AR 1300.

7

8

9

10

11

12

13

The evidence cited by the ALJ is not inconsistent with plaintiff's testimony. Plaintiff's ability to walk in a normal gait or demonstrate motor strength during a physical examination does not negate her testimony about her difficulty with staying on her feet, walking, and grasping and lifting at while working at a fast pace. AR 1329. The ALJ also cited to treatment notes observing plaintiff as alert and in no acute distress -- but plaintiff's symptoms are chronic, rather than symptoms of an acute condition. AR 578, 585, 590, 1056, 1242, 1548, 1554, 1565.

14

15

16

17

18

19

20

21

22

Importantly, the overall medical evidence shows that plaintiff's symptoms waxed and waned—this is consistent with her fibromyalgia diagnosis. As provided by Social Security regulations, symptoms of this impairment "wax and wane," and a person may have "bad days and good days." SSR 12-2p at *6; *See Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017). The treatment notes cited by the ALJ shows that there would be instances where plaintiff had no redness or swollen joints (AR 905, 919, 387, 428) or plaintiff had full range of motion (AR 845). But other evidence in the longitudinal record, including those cited by the ALJ, showed plaintiff also experienced tenderness and pain with range of motion (AR 812-16, 890-92, 915, 924, 919-20).

23

24

25

1     Regarding the ALJ's third reason, improvement of symptoms with use of

2  medication can serve as a reason to discount plaintiff's allegations. *See Morgan v.*

3  *Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Here, the ALJ

4  cited to three treatment notes reporting plaintiff's medication helped with her pain

5  symptoms (AR 352, 904-05, 948), but does not explain how they negate plaintiff's

6  testimony. The treatment notes also indicate that plaintiff had endured chemotherapy

7  and radiation treatment and pain associated with cancer of the cervix, and had tried

8  many medications to control pain from a variety of conditions, and that the pain

9  fluctuated in intensity. See, e.g., AR 904-936.

10    During the hearing, after the ALJ asked about the efficacy of her medications,

11  plaintiff answered that they "help because they knock down the pain for the most part."

12  AR 1331-1332. She also stated that when she took the pain medication it had the side

13  effects of grogginess, and fatigue. AR 1332-1333, Plaintiff's statement about her

14  medication helping her pain symptoms but resulting in side effects of grogginess and

15  fatigue is not inconsistent with the ALJ's cited treatment notes similarly describing that

16  medication helped to alleviate her pain. Because the pain medication caused side

17  effects, and because the longitudinal record shows the pain fluctuated and was not

18  effectively or consistently controlled, it would not be a clear and convincing reason to

19  discount plaintiff's testimony about her symptoms.

20    Regarding the ALJ's fourth reason, activities that that contradict the claimant's

21  testimony or "meet the threshold for transferable work skills" can undermine the

22  credibility of a claimant. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the

23  ALJ discounted plaintiff's testimony because she was able to attend all her medical

24

25

appointments. AR 1301. This reason is not clear and convincing. Plaintiff's ability to make her appointments is not analogous to being able to maintain a work schedule, and meeting with medical providers for treatment does "meet the threshold for transferrable work skills." *Orn*, 495 at 639.

    B.  <u>Whether the ALJ Properly Evaluated Medical Opinion Evidence</u>

        Dr. Marcia Jordan, M.D., plaintiff's treating physician since 2009, provided several opinions regarding plaintiff's impairments. Plaintiff argues specifically that the ALJ erred by discounting the opinion provided by Dr. Jordan on August 22, 2018. Dkt. 13, pp. 17; *see* AR 2070-71.

        An ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

        Dr. Jordan opined that plaintiff would be able to stand/walk for ten minutes without interruption for an hour in an eight-hour workday. She opined that plaintiff would be able to sit upright for thirty minutes without interruption for one hour in an eight-hour workday. *Id*. Regarding plaintiff's ability to lift/carry, she opined that plaintiff would be able to lift one pound occasionally and a half pound frequently. *Id*. Dr. Jordan also opined plaintiff "would have significant absenteeism due to pain, migraine headaches, fatigue, feeling unwell", migraine headaches would cause nausea, vomiting, affect

1   vision, and affect her ability to focus and concentrate. AR 2071. Dr. Jordan also noted

2   that "[h]er back, hips, and feet would flare causing increased pain." AR 2071. Dr. Jordan

3   further opined that pain would impact plaintiff's ability to focus and concentrate on her

4   work tasks if required to perform on a full-time sustained basis, and that that plaintiff's

5   impairments would expect to produce more than 25 percent of off-task time. *Id*.

6         Plaintiff argues that the ALJ erred in discounting Dr. Jordan's medical opinion

7   because (1) it was inconsistent with the objective medical evidence and (2) plaintiff was

8   able to attend her medical appointments. Dkt. 13, p. 12–16; *see* AR 1304.

9         Regarding the ALJ's first reason, a conflict between treatment notes elsewhere in

10  the record and an examining medical source's opinion may constitute a legitimate

11  reason to discount the opinions of the source. *See Valentine v. Comm'r of Soc. Sec.*

12  *Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009) (holding that a conflict with treatment

13  notes is a specific and legitimate reason to reject treating physician's opinion).

14        Here, the ALJ reasoned that the medical record contains no complaints or

15  treatments for plaintiff's migraine, negating Dr. Jordan's opinion that migraines would

16  lead to significant absenteeism. AR 1304. But the record does contain treatment notes

17  about plaintiff's headaches and migraines. AR 914, 919, 890, 910, 246, 427, 433. For

18  the most part, these treatment notes mention plaintiff's headaches and migraine in

19  conjunction with plaintiff's other impairments. This is consistent with Dr. Jordan's

20  opinion that migraines, as well as pain, fatigue, and plaintiff's other symptoms, would

21  cause significant absenteeism.

22        The ALJ also found that the medical record was inconsistent with Dr. Jordan's

23  opinion about plaintiff's walking and standing limitations and ability to concentrate, citing

24

25

REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 8

physical examinations showing plaintiff had no abnormalities in gait and strength, and

that her cognition was "linear." AR 1304 (citing 386-88, 428, 434, 451, 510-11, 513-15,

812-16, 844-45, 890-91, 919-20, 924, 636). However, the ALJ does not explain how

plaintiff's normal gait and motor strength during these examinations contradict the

walking and standing limitations that Dr. Jordan assigned to plaintiff while on an eight-

hour workday. Nor does the ALJ explain how a note about plaintiff's cognition being

"linear" during a physical exam negate Dr. Jordan's opinion that plaintiff would not be

able to concentrate while working because of her pain.

Regarding the ALJ's second reason, inconsistency with a claimant's activities

may be a proper basis for rejecting a medical source's opinion, yet disability claimants

should not be penalized for attempting to lead normal lives. *See Rollins v. Massanari*,

261 F.3d 853, 856 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, the ALJ pointed to plaintiff's ability to attend her medical appointments. AR

1304. However, the ALJ failed to explain how plaintiff's ability to attend

doctor's appointments (quite different in frequency per month and amount of time per

day -- from meeting the attendance demands of a full-time work schedule)

demonstrates plaintiff's capacity to maintain regular attendance and be punctual within

customary tolerances in the workplace setting. *See Mulanax v. Comm'r of Soc. Sec.*

*Admin*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order

to be eligible for disability benefits under the Social Security Act, the person must be

unable to sustain full-time work – eight hours per day, five days per week.").

The ALJ also found that there were no treatment notes in the record consistent

with Dr. Jordan's opinion that plaintiff can sit for only one hour in an eight-hour workday.

AR 1304. Plaintiff points out several treatment notes discussing her foot pain and cites a letter from a nurse recommending that plaintiff refrain from being on her feet all day as they would exacerbate her symptoms. Dkt. 13, pp. 15 (citing AR 433, 451, 472, 514, 763, 783). Yet, the ALJ was specifically evaluating the portion of Dr. Jordan's opinion about plaintiff's *sitting* limitation, while plaintiff's cited evidence supports plaintiff's *standing* limitation.

The ALJ need not accept the opinion of any physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)); see also *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ reasonably determined that Dr. Jordan's opinion about plaintiff's sitting is inconsistent with the objective medical evidence. While the ALJ did not err in discounting Dr. Jordan's opinion as to plaintiff's sitting limitation, the ALJ did err in discounting the rest of Dr. Jordan's opinion. The error affected most of the opinion, and the erroneously rejected portions of Dr. Jordan's opinion are relevant to the RFC.

C. Whether the ALJ Properly Evaluated Lay Witness Testimony

In a function report, plaintiff's husband testified that plaintiff has arthritis in her hands and feet and has "on/off pain daily" which limits her ability to work. AR 265. He added that plaintiff is in bed most of the time, other than when she attends medical appointments. AR 266. Plaintiff's husband also testified that plaintiff's condition has affected her ability to lift, bend, stand, walk, sit, use her hands, complete tasks, and concentrate. AR 270.

1      Lay testimony regarding a claimant's symptoms "is competent evidence that an

2 ALJ must take into account," unless the ALJ "expressly determines to disregard such

3 testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236

4 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the

5 specific record as long as "arguably germane reasons" for dismissing the testimony are

6 noted, even though the ALJ does "not clearly link his determination to those reasons,"

7 and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may

8 "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d

9 639, 642 (9th Cir. 1982).

10      Here, in discounting the testimony of plaintiff's husband, the ALJ gave the same

11 reasons and cited the same evidence for rejecting plaintiff's testimony. As discussed in

12 above, the Court found that the ALJ erred in rejecting plaintiff's subjective testimony.

13 *See supra* Section IV.A. Although the standard is lower for lay witness statements, this

14 reasoning does not meet the "germane" standard.

15    <u>Harmless Error</u>

16      An error is harmless only if it is not prejudicial to the claimant or "inconsequential"

17 to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*,

18 454 F.3d 1050, 1055 (9th Cir. 2006).

19      The ALJ's errors are not harmless because a proper evaluation of the medical

20 opinion evidence and the testimonies of plaintiff and her husband could change the

21 ALJ's assessment of plaintiff's RFC and may affect the hypotheticals provided to the

22 Vocational Expert.

23

24

25

REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 11

1

2      D.  Remand With Instructions for Award of Benefits

3          "'The decision whether to remand a case for additional evidence, or simply to

4   award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

5   682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

6   an ALJ makes an error and the record is uncertain and ambiguous, the court should

7   remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

8   (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

9   the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

10  at 668.

11         The Ninth Circuit has developed a three-step analysis for determining when to

12  remand for a direct award of benefits. Such remand is generally proper only where

13         "(1) the record has been fully developed and further administrative
           proceedings would serve no useful purpose; (2) the ALJ has failed to
14         provide legally sufficient reasons for rejecting evidence, whether claimant
           testimony or medical opinion; and (3) if the improperly discredited
15         evidence were credited as true, the ALJ would be required to find the
           claimant disabled on remand."
16
   *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.
17
   2014)).
18
           The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is
19
   satisfied, the district court still has discretion to remand for further proceedings or for
20
   award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).
21
           Plaintiff asks that the Court remand for an award of benefits based on the ALJ's
22
   erroneous evaluation of Dr. Jordan's medical opinion and the testimonies of plaintiff and
23
   her husband.
24

25
   REVERSING AND REMANDING DEFENDANT'S
   DECISION TO DENY BENEFITS - 12

Plaintiff's record, chronicling her impairments and symptoms from 2012 to October 2020, has been fully developed. Providing a second opportunity to assess the evidence in this case would not qualify as a remand for a "useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1021-22 (9th Cir. 2014), citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Here, the ALJ again failed to evaluate the probative evidence from plaintiff's treating physician, Dr. Jordan. In discounting subjective testimony, the ALJ also provided reasons that the Court previously found unpersuasive. Finally, if the Dr. Jordan's opinion were credited as true, plaintiff would have a significant absenteeism that the VE clearly explained would preclude from employment. Accordingly, remand for award of benefits is the appropriate remedy.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred in determining that plaintiff is not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for an award of benefits.

Dated this 17th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge